IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN STEVENS-YATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2726-G-BN |
| | § | |
| JOHN HANCOCK LIFE INSURANCE | § | |
| COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joan Stevens-Yates filed a *pro se* petition in a Dallas County, Texas

state court alleging that "John Hancock Insurance Company offered to enslave me

violating the Constitution, Bill of Rights" and requesting $42 million in damages.

Dkt. No. 1-2 at 5-6; *see also id.* at 7 (alleging that "John Hancock investigators

murdered my husband and offered me and my children as slaves to the highest

bidder").

Defendant John Hancock Life Insurance Company ("John Hancock") removed

the lawsuit to federal court under 28 U.S.C. §§ 1331 and 1441(a). *See* Dkt. No. 1.

Senior United States District Judge A. Joe Fish referred the removed case to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that, for the reasons and to the extent set out below, the Court

should dismiss this lawsuit.

## Legal Standards

While John Hancock paid the filing fee when it removed this lawsuit to federal court, Stevens-Yates obtained leave to proceed *in forma pauperis* ("IFP") in state court. *See* Dkt. No. 1-2.

This allows the Court to "screen [Stevens-Yates's] claims under the IFP statute, 28 U.S.C. § 1915(e)(2)(B)." *Oyekwe v. Research Now Grp., Inc.*, 542 F. Supp. 3d 496, 504 (N.D. Tex. 2021) (citing *Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam)).

The IFP statute requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the

elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

### Analysis

Stevens-Yates alleges that John Hancock violated the Thirteenth Amendment to the United States Constitution.

42 U.S.C. § 1983 allows a private cause of action for violations of the Constitution. And "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant … have exercised power 'possessed by virtue of state law and made possible

only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). And "[p]rivate individuals generally are not considered to act under color of law, but private action may be deemed state action when the defendant's conduct is fairly attributable to the State." *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) (cleaned up).

Stevens-Yates fails to plead "factual content that allows the court to draw the reasonable inference that [John Hancock] is liable" under Section 1983, *Iqbal*, 556 U.S. at 678, by showing that its conduct is fairly attributable to the State, including by failing to allege facts that could show that John Hancock participated in a conspiracy with state actors, *see Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted); *Terwilliger v. Reyna*, 4 F.4th 270, 285 (5th Cir. 2021).

Nor do the allegations support a plausible claim that John Hancock violated the Thirteenth Amendment right to be free from involuntary servitude. *Cf. Brooks v. George Cnty., Miss.*, 84 F.3d 157, 162 (5th Cir. 1996) ("The Fifth Circuit defines involuntary servitude as 'an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement.' [So, 'w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude.'" (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990))).

For these reasons, the Court should dismiss this lawsuit with prejudice.

But the opportunity file objections to these findings, conclusions, and recommendation (further explained below) allows Stevens-Yates a chance to cure the

deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Stevens-Yates leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)). *Cf. Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this lawsuit with prejudice unless Plaintiff Joan Stevens-Yates demonstrates a basis to allow further leave to amend through timely objections to these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE